UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE 32BJ NORTH HEALTH FUND,
THE 32BJ NORTH PENSION FUND,
BUILDING SERVICE 32BJ SUPPLEMENTAL
RETIREMENT & SAVINGS FUND,
BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING, SCHOLARSHIP & SAFETY FUND,                    COMPLAINT

                                            Plaintiffs,

               v.

A.L. EASTMOND & SONS, INC.

                                     Defendant.
------------------------------------------------------------------------X

The 32BJ North Health Fund, The 32BJ North Pension Fund, Building Service 32BJ
Supplemental Retirement and Savings Fund, and Building Service 32BJ Thomas Shortman
Training, Scholarship, and Safety Fund (referred to collectively as "Plaintiffs" or the "Funds")
by their attorneys Raab, Sturm & Ganchrow, LLP, as and for their Complaint against A. L.
Eastmond & Sons, Inc. (hereinafter referred to as "Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1.  This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the
Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145),
(hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of
1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee
welfare benefit fund, an employee pension fund, an employee annuity benefit fund, and an
employee training, scholarship and safety benefit fund for injunctive and other equitable relief
under ERISA and for breach of contract to secure performance by an employer of specific

statutory and contractual obligations to pay and/or remit the required monetary contributions. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant violated its collective bargaining agreements, and the respective trust agreements of the Funds and ERISA.

## JURISDICTION

2.      Jurisdiction of this Court is invoked under the following statutes:

a.   Section 502(e) (1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

b.   Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

c.   28 U.S.C. Section 1331 (federal question);

d.   28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.      Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e) (2)).  Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e) (2)).

## PARTIES

4.      The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).  The Funds are authorized to maintain suit as an independent legal entity under Section 502(d) (1) of ERISA (29 U.S.C. §

1132(d) (1)).   The purpose of the Funds are to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute retirement benefits in the form of annuities, to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5.     The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)).  The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6.     Upon information and belief, at all times material hereto Defendant was and continues to be a for-profit New York corporation owning and operating a commercial business having a principal place of business at 1175 Leggett Avenue, County of Bronx, City and State of New York, and doing business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).   Further, upon information and belief, Defendant is party to a series of collective bargaining agreements (hereinafter the "Agreements") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or remit the required monetary contributions and/or reports to the Funds, for Defendant's employees within the unit set forth in the Agreements with Union.

## AS AND FOR THE FIRST CLAIM FOR RELIEF
## FUNDS' CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301

7.      The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this Complaint, as if fully set forth herein.

8.      Pursuant to the Agreements, there became due and owing to Funds from Defendant benefit contributions from August 2017 to date.

9.      The Defendant has fallen delinquent in its contributions owed to the Funds, and since August 2017 none of the contributions contractually due to the Funds have been paid by Defendant, although all contributions have been duly demanded and the Funds have been damaged in the amount to be determined.

10.     For the period August 1, 2017, to November 30, 2017, Defendant failed to pay the Funds no less than $216,142.10 in required contributions, in violation of the Agreements.

11.     The failure, refusal or neglect of Defendant to make the required contributions to Plaintiffs Funds constitutes a violation of the Agreements between Defendant and the Union with respect to the Funds as third-party beneficiaries.

12.     Accordingly, Defendant is liable to the Funds for benefit contributions in the amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant.

13.     Pursuant to the collective bargaining agreements, Defendant is liable to the Funds, for contractual interest at the rate of 9% per annum, liquidated damages of 20% of the delinquent principal, the Funds' attorney's fees and court costs incurred in collecting the delinquent contributions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA)

14.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

16.     Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Funds when due.  Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

17.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the plaintiffs, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

18.     For the period August 1, 2017, to November 30, 2017, Defendant failed to pay the Funds no less than $216,142.10 in required contributions, in violation the Agreements.

19.     Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys'

fees, interest on the unpaid principal, liquidated damages, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF
### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF UNDER SECTION 301)

20.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

21.     Pursuant to the terms and conditions of the Agreement, Defendant is required to timely pay and/or remit benefit contributions and reports to the Funds, for so long as Defendant remains obligated to do so pursuant to the Agreements.

22.     Pursuant to the Collective Bargaining Agreement and ERISA, Defendant is bound to the terms of the respective Trust Agreements governing the respective Funds. Pursuant to the authority vested in the Trustees by these Trust Agreements, the Funds' Trustees have a fiduciary obligation to collect all past due contributions owed to the Funds, and to take such other and further actions to insure prompt payment of contributions owed.

23.     Upon information and belief, Defendant has failed to timely pay and/or remit benefit contributions to the Funds and is currently in breach of its obligations under the Agreement.  Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the terms of the respective Agreements.

24.      In this regard, the Funds twice previously in recent years were compelled to seek Court intervention when Defendant simply stopped making its contributions to the Funds. In 2012, the SRSP Fund initiated an action in this Court (Docket No. 12-CV-59), asserting the Defendant's withholding of annuity fund contributions and failing to remit same to the SRSP

Fund.  In 2014 (Docket No. 14-CV-9272) all Funds brought action against Defendant based upon its cessation of contributions.

      25.    Based upon Defendant's past and current conduct, the Funds have no adequate remedy at law to insure that Defendant will adhere to the terms of the Agreement.

      26.    As a result of Defendant's omissions and breaches of contract and violations of ERISA, the Funds will be required to deny employee beneficiaries, for whom contributions have not been made, the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage.

      27.    The Funds will suffer immediate and irreparable injury unless Defendant, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit for so long as Defendant remains obligated to do so pursuant to the Agreements.

      28.    Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or remit the required contributions and/or reports to the Funds and requiring it to permit and cooperate in the conduct of audits for the term of the Agreement.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### (FUND'S CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA)

29.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30.     Pursuant to the provisions of ERISA and the Agreements, Defendant is required to timely pay and remit benefit contributions and/or reports to the Funds, for so long as Defendant remains obligated to do so pursuant to the Agreements.

31.     Upon information and belief, Defendant has failed to timely pay and/or remit benefit contributions to the Funds, and is currently in breach of its statutory obligations under ERISA.  Defendant's prior conduct demonstrates a significant likelihood that they will continue to breach the aforementioned statutory provisions.

32.     The Funds have no adequate remedy at law to insure that Defendant will continue to adhere to its statutory obligations.

33.     As a result of Defendant's omissions and breaches of contract, the Funds will be required to deny employee beneficiaries, for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage.

34.     The Funds will suffer immediate and irreparable injury unless Defendant, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds for so long as Defendant remains obligated to do so pursuant to ERISA and the Agreements.

35.     Accordingly, the Funds request this Court  issue an injunction, preliminarily and permanently, enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by

personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or remit the required contributions and/or reports to the Funds and requiring it to permit and cooperate in the conduct of audits for the term of the Agreements.

**WHEREFORE,** the Funds demand judgment:

a.      against Defendant, for payment of all past due contributions to date, in an amount of not less than $216,142.10.

b.      against Defendant for payment of all contributions which become due during the pendency of this action;

c.      against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA  § 502 (g)(2) and in accordance with the collective bargaining agreements;

D.      against Defendant for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g) (2) and in accordance with the collective bargaining agreement.

e.      for an Order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise for so long as it remains obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or remit the required monetary contributions and/or reports, in accordance with the applicable Agreements;

f.      for an Order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise for so long as it remains obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or remit the required monetary contributions and/or reports, in accordance with ERISA and the applicable Agreement;

g.      for such other and further relief as the Court deems just and proper.


Dated:   Fort Lee, New Jersey
         January 10, 2018

                                        RAAB, STURM & GANCHROW, LLP
                                        *Attorneys for Plaintiffs*

                                        By: _____

                                        Ira A. Sturm (IS-2042)
                                        2125 Center Avenue, Suite 100
                                        Fort Lee, New Jersey 07024
                                        (Tel.) 201-292-0150
                                        isturm@rsgllp.com